# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9247 | **DATE** | 6/23/2004 |
| **CASE TITLE** | Flowers vs. Columbia College Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Columbia's motion (Doc 20-1) to dismiss the complaint is granted. Judgment entered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | JY |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | SCT courtroom deputy's initials | U.S. DISTRICT COURT CLERK 2004 JUN 23 PM 4:25 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL FLOWERS, )
)
        Plaintiff, )
)
vs. ) 03 C 9247
)
COLUMBIA COLLEGE CHICAGO, )
)
        Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendant Columbia College ("Columbia") to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons set forth below, the motion is granted.

## BACKGROUND

According to the complaint, Flowers is a former employee of Columbia and a Rastafarian. As part of his religious practices, he wears his hair in dreadlocks, which are covered by a hat called a kofi. As part of his employment with Columbia, Flowers was assigned to be an academic advisor to students at Dyett Academic Center, a high school within the Chicago Public Schools ("CPS"). Flowers claims that he encountered difficulties at Dyett because of his hair and his kofi. Consequently, he

filed a charge of religious discrimination with the EEOC against CPS. His complaint alleges that, when Columbia became aware of his dispute with CPS, they began to harass him through undeserved negative evaluations of his work that ultimately ended with the termination of his employment with Columbia in July 2003.

Flowers filed suit[1] against CPS in the Northern District of Illinois about a month after his termination; the case was assigned to Judge Zagel. Flowers petitioned for leave to file *in forma pauperis*, and Judge Zagel performed an initial screening of the complaint as provided in 28 U.S.C. § 1915(e)(2)(B). In so doing, the judge determined that Flowers had not alleged that CPS was his employer, so his claims, exclusively based in Title VII, were dismissed. He also deemed the complaint frivolous.

Rather than seeking review of Judge Zagel's decision, Flowers filed another charge with the EEOC five days after the dismissal, this time against Columbia for terminating his employment. After receiving notice of his right to sue, he returned to the federal courthouse to file this suit. The complaint consists of two Title VII counts: one for religious discrimination and one for retaliation. Columbia moves to dismiss the entire complaint pursuant to Fed. R. Civ. Proc. 12(b)(6).

---

[1] Flowers received a right-to-sue letter from the EEOC in May 2003.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993); Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. Kyle v. Morton High Sch., 144 F.3d 448, 454-55 (7th Cir. 1998). The plaintiff need not allege all of the facts involved in a claim and can plead conclusions. Higgs v. Carter, 286 F.3d 437, 439 (7th Cir. 2002); Kyle, 144 F.3d at 455. A pleading need only convey enough information that the defendant is able to understand the gravamen of the complaint. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). However, any conclusions pled must "provide the defendant with at least minimal notice of the claim." Kyle, 144 F.3d at 455. Further,

the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the basis" of the claim. Perkins, 939 F.2d at 466-67. With these principles in mind, we turn to the motion at hand.

## DISCUSSION

**Count I: Religious Discrimination**

Count I alleges that Columbia discriminated against Flowers because of his religion, in violation of 42 U.S.C. 2000e-2(a)(1). Columbia challenges this count on the grounds that the claims it contains were not encompassed within the EEOC charge that Flowers filed against them.[2]

It is well settled that a plaintiff in an employment discrimination suit must present his or her claims in an appropriate administrative forum prior to filing in federal court. See, e.g., Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994); Babrocky v. Jewel Food Co., 773 F.2d 857, 863 (7th Cir. 1985).

---

[2] The applicable EEOC charge reads as follows:

I was hired by [Columbia] in September 2002 as an Academic Advisor in the Gear Up Program as part of their Community Arts Partnerships. In March 2003 I filed a charge of religious discrimination at the EEOC against one of [Columbia's] partnership schools. After [Columbia] became aware of this I was then subjected to retaliation. This took several forms, including, but not limited to, harassment in the form of unwarranted negative memos from management regarding my performance and activities as well as threats of termination. I was terminated on July 18, 2003.

Presentation is a somewhat elastic concept; a claim is considered presented if it is "reasonably related" to the allegations made within the EEOC charge. Peters v. Renaissance Hotel Operating Company, 307 F.3d 535, 550 (7th Cir. 2002). To be reasonably related, the allegations of the EEOC charge and those of the complaint must, at a minimum, "describe the same conduct and implicate the same individuals." Id.

Flowers argues that the allegations of Count I are reasonably related to his EEOC charge because the agency's investigation could be expected to eventually delve into the circumstances of the alleged religious discrimination. This is not enough. It is because of the potential breadth of an investigation that the EEOC charge serves a notice function, giving respondents fair apprisal of what could be on the horizon. See Sitar v. Indiana Dept. of Transportation, 344 F.3d 720, 727 (7th Cir. 2003). As the Seventh Circuit noted in Sitar, while the chain of events leading up to a claimed retaliation may provide "context and support" for a plaintiff's claim, that does not automatically render them so closely related to the charge of retaliation that they will open the door to a discrimination claim that was not explicitly laid out in the EEOC charge. Id.

Here, the EEOC charge and the complaint both implicate Columbia, but they each describe distinct courses of conduct by Columbia. The charge refers only to

Columbia's alleged retaliation; it does not mention and starts no reasonable journey leading to what Columbia did or did not do before the claimed retaliation took place. Thus, it is not reasonably related to the more expansive claims of the complaint. Accordingly, Count I is dismissed.

**Count II: Retaliation**

In Count II, Flowers alleges that Columbia unlawfully harassed him and terminated his employment in retaliation for the actions that he took against the CPS. To properly state a claim for unlawful retaliation, Flowers must allege that he engaged in statutorily protected activity, that he suffered an adverse employment action, and that there is a causal connection between them. See Davis v. Con-Way Transp. Central Express, Inc., 368 F.3d 776, 786 (7th Cir. 2004). Columbia asserts that Count II is deficient in the allegations with respect to the first element.

Protected activity takes two forms: opposition to unlawful discrimination by the employer or participation in an investigation of discrimination by the employer. See 42 U.S.C. § 2000e-3. Here, Flowers contends retaliation in response to his opposition of CPS's alleged discrimination. In a case involving opposition, the activity opposed need not ultimately be shown to violate Title VII. It is enough that the employee have a good-faith belief that the challenged practice is unlawful. See Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1314 (7th Cir. 1989). However, to be in good faith,

the belief must be both subjectively held and objectively reasonable. Hamner v. St. Vincent Hosp., 224 F.3d 701, 707 (7th Cir. 2000). Columbia does not dispute that Flowers subjectively believed that CPS had engaged in discriminatory conduct. Rather, they attest that the underlying claim against CPS was not cognizable as a matter of law, so Flowers could not be objectively reasonable in opposing it. In support of this argument, Columbia principally relies upon Judge Zagel's statement that the lawsuit was frivolous. According to Columbia, this statement operates to preclude Flowers from ever bringing a subsequently viable complaint against CPS for the events at issue.

Columbia's argument assumes that, for purposes of a res judicata or collateral estoppel analysis, a § 1915 dismissal operates identically to a decision on the merits. While this can be true, it need not necessarily be so. See Denton v. Hernandez, 504 U.S. 25, 34, 112 S. Ct. 1728, 1734 (1992); Okoro v. Bohman, 164 F.3d 1059, 1063 (7th Cir. 1999). In addition, there are compelling reasons not to inflict the consequences of res judicata or collateral estoppel in these settings. As the Supreme Court recognized in Neitzke v. Williams, the procedure that allows *sua sponte* dismissal under § 1915, while necessary to effective functioning of the judicial system, short circuits the crystallization of legal disputes that the adversarial process facilitates. 490 U.S. 319, 329–30, 109 S. Ct. 1827, 1834 (1989). The harshness that can result is

exacerbated by the fact that most indigent litigants appear *pro se*, and their limited exposure to legal complexities often presents a significant impediment to formulation of sufficient initial pleadings. Id. at 330, 1834.

Moreover, there are two kinds of frivolousness that can lead to dismissal under 28 U.S.C. § 1915: legal and factual. Each has its own standards. Legal frivolousness occurs only when a claim is based on an outlandish or indisputably meritless legal theory, not merely when it fails to state a claim (as with a 12(b)(6) dismissal). See Neitzke, 490 U.S. at 327, 109 S. Ct. at 1832–33. By contrast, a complaint is factually frivolous if "the facts alleged rise to the level of the irrational or the wholly incredible." Denton, 504 U.S. at 33, 112 S. Ct. at 1733. Judge Zagel's order does not indicate which kind of frivolousness the dismissal was based upon. Neither have the parties developed any argument that it would make a difference. Because of the potential for different results and the uncertainty of the scope of preclusion that flows from a § 1915(e) dismissal, we do not agree with Columbia that it is a foregone conclusion that the underlying claim against CPS was wholly meritless outside of the context of § 1915.

Ultimately, we are convinced that Columbia's requested relief is warranted, but not for the reasons they have put forth. In order for a Title VII retaliation claim to stand against an employer, the actions challenged within the statutorily protected

activity must be those of the employer or otherwise attributable to the employer by virtue of its control of the actor in question. See McMenemy v. Rochester, 241 F.3d 279, (2nd Cir. 2001); Cass v. American Properties, Inc., 861 F. Supp. 55, 58 (N.D. Ill. 1994); Rosenbloom v. Senior Resource, Inc., 974 F. Supp. 738, 743-44 (D. Minn. 1997). Columbia and CPS are separate and independent entities and allegations of religious or other discrimination lodged against one are not imputable to the other. The law does not impose an affirmative duty on an employer to intervene and participate in a dispute between one of its alleged employees and an independent third party. Nor does the complaint make any such assertion. In this circumstance, Columbia could not have retaliated, as a matter of law, for conduct it neither engaged in, inspired, or otherwise encouraged. See generally Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 72, 106 S. Ct. 2399, 2408 (1986); Rosenbloom v. Senior Resource Inc., 974 F. Supp. 738, 743 (D. Minn. 1997). As a result, Count II is also dismissed.

## CONCLUSION

Based on the foregoing analysis, Columbia's motion to dismiss the complaint is granted.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: [JUN 2 3 2004]